McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Graham A. Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff GEICO GENERAL
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GEICO GENERAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> KENNETH IARUSSI, MONICA HASTINGS IARUSSI, JASMINE HASTINGS, JACOB KOOI, HELEN KOOI, CITY OF SAN LUIS OBISPO, COLORADO STRUCTURES, INC. dba CSI CONSTRUCTION COMPANY, PALOMA BADARACCO and KELLIE AVILA CONSTRUCTION SERVICES, INC. dba AVILA TRAFFIC SAFETY, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff GEICO GENERAL INSURANCE COMPANY ("GEICO General") alleges as follows:

## **JURISDICTION**

The jurisdiction of this Court is based on 28 U.S.C. § 1391 and 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000 exclusive of

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

1

COMPLAINT FOR DECLARATORY RELIEF

1  interest and costs and is between citizens of different states.

2  **THE PARTIES**

3  1.      Plaintiff GEICO General is a corporation incorporated in the State of

4  Nebraska with its principal place of business in the State of Maryland.

5  2.      Defendants Kenneth Iarussi, Monica Hastings Iarussi, Jasmine Hastings,

6  Jacob Kooi, Helen Kooi and Paloma Badaracco are all citizens and residents of the

7  State of California.

8  3.      Defendant San Luis Obispo is a public entity established under the laws

9  of the State of California and is a citizen of the State of California.

10  4.      Defendant Colorado Structures, Inc. dba CSI Construction Company is

11  a Colorado corporation with its principal place of business in Colorado Springs,

12  Colorado.  Defendant CSI Construction Company is a Trade Name used by Defendant

13  Colorado Structures, Inc. as authorized under Colorado law.

14  5.      Defendant Kellie Avila Construction Service, Inc. dba Avila Traffic

15  Safety is a California corporation with its principal place of business in Atascadero,

16  California.

17  6.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a

18  substantial part of the events giving rise to this action occurred in this judicial district

19  consisting of GEICO General issuing a policy of insurance to Kenneth Iarussi in this

20  judicial district, the August 6, 2021 accident referred to in paragraph 15 below which

21  is the subject of this ligation occurring in this judicial district, and the filing in this

22  judicial district of the *Kooi v. Jasmine H.* action referred to in paragraphs 16-23 below

23  from which this litigation arises.

24  7.      Venue is also proper under 28 U.S.C. §1391(b)(3) as the defendants are

25  subject to the Court's personal jurisdiction with respect to this action, as each

26  defendant is either a resident of California or is already a party to another legal

27  proceeding pending in California.

28  8.      This Court is authorized to grant a declaratory judgment under the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

COMPLAINT FOR DECLARATORY RELIEF

1   Declaratory Judgment Act, 28 U.S.C. § 2201, pursuant to Rule 57 of the Federal Rules
2   of Civil Procedure.

3                                    **FACTUAL ALLEGATIONS**

4       9.      GEICO General issued to Defendant Kenneth Iarussi automobile policy
5   no. 4610-67-58-39 with effective dates of June 17, 2021 to December 17, 2021,
6   written on form A-30CA (10-98) as modified by various endorsements (the "Auto
7   Policy"). The Auto Policy is subject to a liability policy limit of $300,000 per person
8   and $500,000 per accident. The only named insured in the Auto Policy is Kenneth
9   Iarussi with an address of P.O. Box 775, Avila Beach, California, 93424-0775.

10      10.     The Auto Policy provides under Section I – Liability Coverages, "Losses
11  We Pay For *You*" that "under Section I, we will pay damages which an insured
12  becomes legally obligated to pay because of: 1. bodily injury, sustained by a person,
13  . . . arising out of the ownership, maintenance or use of an owned auto or a non-owned
14  auto. We will defend any suit for damages payable under the terms of this Policy."
15  Under Section I - Liability Coverages, the Auto Policy provides under "Definitions"
16  that:

17      •    the phrase "bodily injury" means "bodily injury to a person
18           including resulting sickness, disease or death;

19      •    the term "insured" means "a person or organization described
20           under 'PERSONS INSURED'";

22      •    the phrase "non-owned auto" means "an automobile or trailer not
23           owned by or furnished for the regular use of either you or a relative other
24           than a temporary substitute auto";

25      •    the phrase "owned auto" means (a) "a vehicle described in this
26           policy for which a premium charge is shown for these coverages"; (b) a
27           trailer owned by you; (c) a private passenger, farm or utility auto,

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3
COMPLAINT FOR DECLARATORY RELIEF

ownership or which you acquire during the policy period or for which you enter into a lease during the policy period for six months or more, if: (i) it replaces an owned auto as defined in (a) above; or (ii) we insure all private passenger, farm and utility autos owned or leased by you on the date of the acquisition, and you ask us to add it to the policy no more than 30 days later; and (d) a temporary substitute auto";

• the term "relative" means "a person related to you who resides in your household";

• the phrase "temporary substitute auto" means "an automobile or trailer, not owned by you, temporarily used with permission of the owner" which is "used as a substitute for the owned auto or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction"; and

• the term "you" means "the policyholder named in the declarations and his or her spouse if a resident of the same household."

11.     Under Section I – Liability Coverages, the "PERSONS INSURED" provision of the Auto Policy provides that "Section I applies to the following as insureds with respect to an owned auto: "1.  You and your relatives; 2. Any other person using the auto with Your permission. The actual use must be within the scope of that permission; 3. Any other person or organization for his or its liability because or acts or omissions of any Insured under 1 or 2 above. Section I applies to the following with regards to a non-owned auto: 1. a)  You; b) Your relatives when using a private passenger, farm or utility auto or trailer. Such use must be with the permission, or reasonably believed to be with the permission of the owner and within the scope of that permission; 2. A person or organization not owning of hiring the auto, regarding his or its liability because of acts or omissions of an insured under 1.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4
COMPLAINT FOR DECLARATORY RELIEF

1    above."

2         12.     The covered autos described in the Auto Policy for which a premium

3    charge is shown are a 2002 Chevrolet Silverado, a 2003 Ford Econoline, a 2003 Ford

4    E450, a 1995 Rexhall Pro SI 3600 and a 2020 Jeep Gladiator.

5                        **THE IARUSSI/HASTINGS FAMILY**

6         13.     Kenneth Iarussi and Monica Hastings Iarussi were married on

7    December 27, 2015. On and prior to May 2, 2021, Kenneth Iarussi and Monica

8    Hastings Iarussi were living together as husband and wife at 684 Stoneridge Drive in

9    San Luis Obispo, California,  a residence which they purchased in 2016. Living with

10   them at the time was Jasmine Hastings, the daughter of Monica Hastings Iarussi and

11   the step-daughter of Kenneth Iarussi. Also residing with them was Jasmine Hastings'

12   younger sister and brother (unnamed because of their minority) who were also the

13   daughter and son of Monica Hastings Iarussi and the step-daughter and step-son of

14   Kenneth Iarussi.

15        14.     On May 2-3, 2021, a family dispute arose which resulted in Kenneth

16   Iarussi telling Jasmine Hastings not to leave with the 2008 Toyota Prius which she

17   regularly used but her nevertheless doing so. As a result, Kenneth Iarussi decided to

18   remove the 2008 Toyota Prius from the prior Geico Auto Policy which had been in

19   effect for the period November 2, 2020 to May 2, 2021. Also, according to Kenneth

20   Iarussi, as a result of that family dispute, he understood that a restraining order was

21   issued against him precluding him from having any contact with his other minor

22   stepdaughter (Jasmine's sister, unnamed because of her minority) who also resided at

23   the 684 Stoneridge Drive, San Luis Obispo, California residence along with Monica

24   Hastings Iarussi, Jasmine Hastings and Jasmine's younger sister and brother

25   (unnamed because of their minorities). Consequently, as an alleged result of that

26   purported restraining order, Kenneth Iarussi departed from the 684 Stoneridge Drive

27   residence and began staying in other locations, although he kept some of his clothes,

28   tools and personal items at the 684 Stoneridge Drive residence. He also continued to

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1  pay some of the bills and expenses for maintaining the residence.  Monica Hastings
2  Iarussi, Jasmine Hastings and her younger sister and brother (unnamed because of
3  their minority) continued to reside at the at 684 Stoneridge Drive residence.

**THE ACCIDENT**

5       15.    On August 6, 2021, at approximately 12:38 a.m., Jasmine Hastings,
6  while operating the 2008 Toyota Prius on Foothill Blvd. near the intersection with
7  Broad Street in the City of San Luis Obispo, collided with bicycle being ridden by
8  Andreas Kooi resulting in fatal injuries to him.

**THE *KOOI v. JASMINE H.* ACTION**

10      16.    On August 4, 2022, Defendants herein Jacob Kooi and Helen Kooi filed
11 an action entitled *Jacob Kooi, et al. v. Jasmine H, et al.,* San Luis Obispo County
12 Superior Court, Case no. 22cv-0412. The Defendants initially named in the action
13 were Jasmine Hastings, Kenneth Iarussi, Monica Hastings Iarussi, the City of San
14 Luis Obispo, Colorado Structures, Inc., Colorado Structures, Inc. dba CSI
15 Construction Company, Paloma Badaracco and Does 1-50. On December 1, 2022,
16 Kellie Avila Construction Services, Inc. dba Avila Traffic Safety was added as
17 Defendant Doe 11.

18      17.    The Complaint in the *Kooi v. Jasmine H.* action alleges that Plaintiffs
19 Jacob Kooi and Helen Kooi are the father and mother, respectively, of decedent
20 Andreas Kooi who, on August 6, 2021, while riding a bicycle near the intersection of
21 Foothill Blvd. and Broad Street in the City of San Luis Obispo, was struck by the
22 2008 Toyota Prius being operated by Jasmine Hastings and which is referred to in the
23 Complaint as "the Toyota vehicle."

24      18.    The Complaint in the *Kooi v. Jasmine H.* action further alleges that
25 Defendant Monica Hastings Iarussi, on information and belief, is the mother of
26 Jasmine Hastings and an owner of the Toyota vehicle; that Defendant Kenneth Iarussi,
27 on information and belief, is an owner of the Toyota vehicle; that Defendant Paloma
28 Badaracco was, at the time of the accident, on information and belief, an 18 year old

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6
COMPLAINT FOR DECLARATORY RELIEF

1 passenger in the Toyota vehicle at the time of the accident. Also, according to the
2 Complaint, the City of San Luis Obispo was at all relevant times the owner and one
3 of the maintainers of the property on which this incident occurred and a contractor for
4 whom other Defendants were performing construction work on and around the
5 location of this incident. In addition, according to the Complaint, Defendant Colorado
6 Structures, Inc. dba CSI Construction Company and Does 11-20 were the contractors
7 which were undertaking one of the construction projects on and around the
8 construction project where this incident occurred. Further, according to the
9 Complaint, Defendant Paloma Badaracco was an 18 year old passenger in the 2008
10 Toyota Prius at the time of the accident.  Jasmine Hastings and a friend had visited
11 Paloma Badaracco at her home on August 5, 2021, where Paloma Badaracco allegedly
12 witnessed Jasmine Hastings drinking alcohol and thereafter facilitated her in
13 continuing to do so by pouring alcohol into her water bottle to be taken in the 2008
14 Toyota Prius shortly before the August 6, 2021 accident occurred.

15      19.    According to the Cross-Complaint filed by Colorado Structures, Inc. dba
16 CSI Construction Company on November 28, 2022, Kelli Avila Construction
17 Services, Inc. dba Avila Traffic Safety was hired to provide proper and adequate
18 traffic control to provide a safe transit and use way for bicyclists and pedestrians in
19 and around the construction project, including proper and adequate lighting and
20 signage.

21      20.    The first cause of action of the Complaint in the *Kooi v. Jasmine H.*
22 action alleges that Jasmine Hastings was the driver of the 2008 Toyota Prius which
23 struck Andreas Kooi. The Complaint further alleges, on information and belief, that
24 Defendants Kenneth Iarussi and Monica Hastings Iarussi were the owners of the 2008
25 Toyota Prius at the time of accident; that "[a]t all times relevant hereto, Defendant
26 Monica Hastings Iarussi is alleged to be the mother of defendant Jasmine [Hastings]"
27 and is also married to Defendant Kenneth Iarussi; that Defendant Kenneth Iarussi was
28 at all times the stepfather of Defendant Jasmine Hastings; that both Monica Hastings

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

7
COMPLAINT FOR DECLARATORY RELIEF

Iarussi and Kenneth Iarussi negligently entrusted the 2008 Toyota Prius to Defendant Jasmine Hastings with knowledge of past incidents of her driving under the influence and the fact they knew and should have known that it was illegal for Jasmine Hastings to be driving at the hours during which this incident occurred in violation of the time and passenger restrictions placed on minor drivers; that Defendants Kenneth Iarussi and Monica Hastings Iarussi "knew or had reason to know they had the ability to control the minor defendant Jasmine [Hastings]. . . and knew or should have known of the necessity and opportunity for exercising such control [and] knew and should have known defendant Jasmine [Hastings]. . . among other things, had a history of driving this vehicle and perhaps others while under the influence, had a history of drinking alcohol as a minor and that, among other things. . . had behavioral problems; that "despite their knowledge and/or their reason to know of these behavioral problems of the minor, and knowing that driving under the influence could cause grave bodily injury or death to others, Defendants Kenneth Iarussi and Monica Hastings Iarussi failed to exercise reasonable care to control Defendant Jasmine [Hastings]. . . including but not limited to, failing to stop her from driving in violation of the laws of the State of California as they relate to minors and failing to restrict her from drinking alcohol."

21. As a result of the alleged negligence of the Defendants, Plaintiffs Jacob Kooi and Helen Kooi allegedly suffered damages on account of the wrongful death of Andreas Kooi.

22. Based on the allegations of the Complaint in *Kooi v. Jasmine H.* action, the Cross-Complaint by Colorado Structures, Inc. dba CSI Construction Company, Inc. against Kellie Avila Construction Services, Inc. dba Avila Traffic Safety and the prospect that other defendants in the *Kooi v. Jasmine H.* action may seek comparative indemnity against each other, either as part of the *Kooi v. Jasmine H.* action or separately after the conclusion of that action, the City of San Luis Obispo, Colorado Structures, Inc. dba CSI Construction Company, Paloma Badaracco and Kellie Avila

1   Construction Services, Inc. dba Avila Traffic Safety are all named as defendants
2   herein .

3       23.     GEICO General has extended a defense to Kenneth Iarussi in the *Kooi v.*
4   *Jasmine H.* action under reservation of rights, but has not extended a defense to
5   Defendants Monica Hastings Iarussi or Jasmine Hastings in that action

6       24.     None of the factual issues in this action overlap with any of the factual
7   issues in the *Kooi v. Jasmine H.* action and, as a result, the issues raised in this action
8   are "logically unrelated (that is, irrelevant) to the issues of consequence" in the *Kooi*
9   *v. Jasmine H.* action.  *Samsung Fire & Marine Ins. Co. v. AFR Apparel Int'l, Inc*.,
10  2015 WL 5005773, at *2 (C.D.Cal. 2015) (*citing Montrose Chem. Corp. v. Sup. Ct.,*
11  25 Cal.App.4th 902, 908 (1994).)  Consequentially, there is no "risk of inconsistent
12  factual determinations" between this action and the *Kooi v. Jasmine H.* action that
13  could prejudice any of the defendants in either action.  *Travelers Prop. Cas. Co. of*
14  *Am. v. Old Country Millwork*, 2022 WL 2285656, at *2 (C.D.Cal. 2022) (citing
15  *Montrose Chem. Corp. v. Superior Ct.,* 6 Cal.4th 287, 301-302 (1993).)  Therefore,
16  this declaratory relief action "may properly proceed to judgment."  *Id.*; *Praetorian*
17  *Ins. Co. v. Analy Mortg. Ctr.,* 2010 WL 3985261, at *7 (C.D.Cal. 2010*) (applying
18  *Montrose* stay rule); *State Farm Gen. Ins. v. Dynasty Grp. USA*, 2021 WL 4134051,
19  at *2 (C.D.Cal. 2021) (same); *Bhd. Mut. Ins. Co. v. Vinkov*, 021 WL 3553733, at *7
20  (C.D.Cal. 2021), aff'd 2022 WL 4830736 (9th Cir. 2022) (same); *see also Northland*
21  *Ins. Co. v. Brione*s, 81 Cal.App.4th 796, 806–07 (2000) (trial court properly refused
22  to grant *Montrose* stay where insured failed to show "there was a possibility of
23  inconsistent factual determinations between the declaratory relief action and the
24  underlying [tort] action.")

25          **FIRST CAUSE OF ACTION**

26  **(By GEICO General For Declaratory Relief Against All Defendants As To**
27  **Coverage For Kenneth Iarussi)**

28      25.     GEICO General by reference all of the allegations of paragraphs 1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9

COMPLAINT FOR DECLARATORY RELIEF

1  through 23 above though fully set forth herein.

2      26.   Under the Geico Auto Policy, the "Losses We Will Pay For You"

3  paragraph only obligates Geico to "pay damages which an insured becomes legally

4  obligated to pay because of: … bodily injury, sustained by a person … arising out of

5  the ownership, maintenance or use of the owned auto or a non-owned auto".  That

6  obligation does not extend to the liability of Kenneth Iarussi as alleged in the *Kooi v.*

7  *Jasmine H.* action in that:

8      (a) if he was an owner of the 2008 Toyota Prius as alleged in the Complaint in

9  the *Kooi v. Jasmine H.* action, that vehicle does not qualify as an "owned auto" under

10  the Geico Auto Policy because it was not "a vehicle described in this policy for which

11  a premium charge is shown for these coverages", a trailer owned by Kenneth Iarussi

12  or Monica Hastings Iarussi, a private passenger vehicle which either Kenneth Iarussi

13  or Monica Hastings Iarussi acquired ownership of during the policy period of June

14  17, 2021 to December 17, 2021 or for which they entered into a lease during the policy

15  period for six months or more, or a "temporary substitute auto" because it was not

16  "used as a substitute for the owned auto or trailer when withdrawn from normal use

17  because of its breakdown, repair, servicing, loss or destruction";

18      (b) regardless of whether or not Kenneth Iarussi was an owner of the 2008

19  Toyota Prius (1) both his alleged liability for negligent entrustment of the 2008 Prius

20  to Jasmine Hastings and his negligent supervision of her as alleged in the *Kooi v.*

21  *Jasmine H.* action do not constitute "uses" of the 2008 Toyota Prius within the

22  meaning of the "Losses We Will Pay For You" paragraph;

23      (c) if Kenneth Iarussi was still a resident of the 684 Stoneridge Drive household

24  at the time of the August 6, 2021 accident, that vehicle also does not qualify as a "non-

25  owned auto" because it was owned by Monica Hastings Iarussi and/or was furnished

26  for the regular use of Jasmine Hastings, both of whom at that time, by virtue of

27  residing in the same household as Kenneth Iarussi, were "relatives" of Kenneth Iarussi

28  as that term is defined in the GEICO Auto Policy; and further, regardless of whether

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10

COMPLAINT FOR DECLARATORY RELIEF

1   or not Kenneth Iarussi was still a resident of the 684 Stoneridge Drive household at
2   the time of the August 6, 2021 accident, if Kenneth Iarussi was an owner of the 2008
3   Toyota Prius as alleged in the Complaint, then the 2008 Toyota Prius is not a "non-
4   owned auto" as defined because it was owned by Kenneth Iarussi, the named insured.

5        27.    An actual controversy has arisen and now exists between GEICO
6   General, on the one hand, and all Defendants, on the other hand, with regard to the
7   duties and obligations owed by GEICO General to Kenneth Iarussi under the Auto
8   Policy. GEICO General contends that there is no coverage under the Auto Policy for
9   the liability of Kenneth Iarussi as alleged in the *Kooi v. Jasmine H.* action for the
10  reasons outlined in paragraph 25 above. GEICO General is informed and believes,
11  and on such information and belief alleges, that all Defendants dispute this contention
12  and assert that the Auto Policy provides coverage for the liability of Kenneth Iarussi
13  as alleged in the *Kooi v. Jasmine H.* action.

14       28.    Due to the actual and present controversy described above, GEICO
15  General requests a judicial declaration of its rights, duties and obligations in regards
16  to the Auto Policy with respect to the accident of August 6, 2021 pursuant to 28 U.S.C.
17  § 2201.

18                                  **<u>SECOND CAUSE OF ACTION</u>**

19  **(By GEICO General For Declaratory Relief Against All Defendants As To**
20                       **Coverage For Monica Hastings Iarussi)**

21       29.    GEICO General by reference all of the allegations of paragraphs 1
22  through 27 above though fully set forth herein.

23       30.    Under the Geico Auto Policy, the "Losses We Will Pay For You"
24  paragraph only obligates Geico to "pay damages which an insured becomes legally
25  obligated to pay because of: … bodily injury, sustained by a person … arising out of
26  the ownership, maintenance or use of the owned auto or a non-owned auto". That
27  obligation does not extend to the liability of Monica Hastings Iarussi as alleged in the
28  *Kooi v. Jasmine H.* action in that:

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

11
COMPLAINT FOR DECLARATORY RELIEF

(a) the 2008 Toyota Prius does not qualify as an "owned auto" because it was not "a vehicle described in this policy for which a premium charge is shown for these coverages", a trailer owned by Kenneth Iarussi or Monica Hastings Iarussi, a private passenger vehicle of which either Kenneth Iarussi or Monica Hastings Iarussi acquired ownership of during the policy period of June 17, 2021 to December 17, 2021 or for which they entered into a lease, during that policy period for six months or more, or a "temporary substitute auto" because it was not "used as a substitute for the owned auto or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction"; and

(b) it does not qualify as a "non-owned auto" in that (1) if Kenneth Iarussi was still a resident of the 684 Stoneridge Drive household at the time of the accident, the vehicle was owned by a "relative" as that term is defined in the Geico Auto Policy consisting of Monica Hastings Iarussi; (2) if Kenneth Iarussi was not still a resident of 684 Stoneridge Drive at the time of the accident, then Monica Hastings Iarussi would not qualify as an "insured" with respect to a "non-owned" auto; and (3) even if Monica Hastings Iarussi is an insured and the 2008 Toyota Prius qualifies as a "non-owned auto", neither her liability for her negligent entrustment of the 2008 Toyota Prius to Jasmine Hastings or Monica Hastings Iarussi's alleged liability for negligent supervision of her do not constitute liabilities arising out of the "use" of the 2008 Toyota Prius within the meaning of the "Losses We Will Pay For You" paragraph.

31.    An actual controversy has arisen and now exists between GEICO General, on the one hand, and all Defendants, on the other hand, with regard to the duties and obligations owed by GEICO General to Monica Hastings Iarussi under the Auto Policy. GEICO General contends that there is no coverage under the Auto Policy for the liability of Monica Hastings Iarussi as alleged in the *Kooi v. Jasmine H.* action for the reasons outlined in paragraph 29 above. GEICO General is informed and believes, and on such information and belief alleges, that all Defendants dispute this contention and assert that the Auto Policy provides coverage for the liability of

1    Monica Hastings Iarussi as alleged in the *Kooi v. Jasmine H.* action.

2       32.    Due to the actual and present controversy described above, GEICO

3    General requests a judicial declaration of its rights, duties and obligations in regards

4    to the Auto Policy with respect to the accident of August 6, 2021 pursuant to 28 U.S.C.

5    § 2201.

6                        **THIRD CAUSE OF ACTION**

7     **(By GEICO General For Declaratory Relief Against All Defendants As To**

8                  **Coverage For Jasmine Hastings)**

9       33.    GEICO General by reference all of the allegations of paragraphs 1

10   through 31 above though fully set forth herein.

11      34.    Under the Geico Auto Policy, the "Losses We Will Pay For You"

12   paragraph only obligates Geico to "pay damages which an insured becomes legally

13   obligated to pay because of: … bodily injury . . . sustained by a person … arising out

14   of the ownership, maintenance or use of the owned auto or a non-owned auto". That

15   obligation does not extend to the alleged liability of Jasmine Hastings in that:

16      (a) the 2008 Toyota Prius does not qualify as a "owned auto" as it was not "a

17   vehicle described in this policy for which a premium charge is shown for these

18   coverages", a trailer owned by Kenneth Iarussi or Monica Hastings Iarussi, a private

19   passenger vehicle which either Kenneth Iarussi or Monica Hastings Iarussi acquired

20   ownership of during the policy period of June 17, 2021 to December 17, 2021 or for

21   which they entered into a lease during that policy period for six months or more, or a

22   "temporary substitute auto" because it was not "used as a substitute for the owned

23   auto or trailer when withdrawn from normal use because of its breakdown, repair,

24   servicing, loss or destruction"; and

25      (b) it does not qualify as a "non-owned auto" in that (1) if Kenneth Iarussi was

26   still a resident of the 684 Stoneridge Drive household at the time of the accident, the

27   vehicle was owned by a "relative" as that term is defined in the Geico Auto Policy

28   consisting of Monica Hastings Iarussi and/or was regularly used by Jasmine Hastings

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13
COMPLAINT FOR DECLARATORY RELIEF

was also a "relative"; and (2) if Kenneth Iarussi was not a resident of 684 Stoneridge Drive at the time of the accident, then Jasmine Hastings would not qualify as an "insured" with respect to a "non-owned" auto.

35.     An actual controversy has arisen and now exists between GEICO General, on the one hand, and all Defendants, on the other hand, with regard to the duties and obligations owed by GEICO General to Jasmine Hastings under the Auto Policy. GEICO General contends that there is no coverage under the Auto Policy for the liability of Jasmine Hastings as alleged in the *Kooi v. Jasmine H.* action for the reasons outlined in paragraph 33 above. GEICO General is informed and believes, and on such information and belief, alleges, that all Defendants dispute its contention and assert that the Auto Policy provides coverage for the liability of Jasmine Hastings as alleged in the *Kooi v. Jasmine H.* action.

36.     Due to the actual and present controversy described above, GEICO General requests a judicial declaration of its rights, duties and obligations in regards to the Auto Policy with respect to the accident of August 6, 2021 pursuant to 28 U.S.C. § 2201.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs GEICO General and GEICO respectfully requests that this Court:

1.     Enter a judgment declaring that:

a.     Plaintiff GEICO General has no duty to defend or indemnify Kenneth Iarussi for his liability as alleged in the *Kooi v. Jasmine H.* action, San Luis Obispo County Superior Court no. 22cv-0412;

b.     Plaintiff GEICO General has no duty to defend or indemnify Monica Hastings Iarussi for her liability as alleged in the *Kooi v. Jasmine H.* action, San Luis Obispo County Superior Court no. 22cv-0412;

c.     Plaintiff GEICO General has no duty to defend or indemnify Jasmine Hastings for her liability as alleged in the *Kooi v. Jasmine H.*

1    action, San Luis Obispo County Superior Court no. 22cv-0412;

2        2.    That GEICO General be awarded its costs;

3        3.    That the Court grant such further relief as this Court deems just and

4    proper.

5

6    Dated:  January 23, 2023            McCORMICK, BARSTOW, SHEPPARD,
                                          WAYTE & CARRUTH LLP
7

8

9                                        By:  _____/s/ James P. Wagoner_____
                                              James P. Wagoner
10                                            Lejf E. Knutson
                                              Graham A. Van Leuven
11                                            Attorneys for Plaintiff GEICO General
12                                            Insurance Company

13

14                          **JURY DEMAND**

15        Plaintiff hereby demands a jury trial on all causes of action which can be heard

16   by a jury.

17   Dated:  January 23, 2023            McCORMICK, BARSTOW, SHEPPARD,
                                          WAYTE & CARRUTH LLP
18

19                                       By:  _____/s/ James P. Wagoner_____
                                              James P. Wagoner
20                                            Lejf E. Knutson
                                              Graham A. Van Leuven
21                                            Attorneys for Plaintiff GEICO General
22                                            Insurance Company

23

24

25   8860569.1

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

COMPLAINT FOR DECLARATORY RELIEF